MEMORANDUM **
Junita Nababan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing her appeal from an immigration judge’s decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, Lolong v. Gonzales, 484 F.3d 1173, 1178 (9th Cir.2007) (en banc), we deny the petition for review.
Substantial evidence supports the BIA’s conclusion that Nababan did not establish that the harassment, stoning and other incidents she experienced rose to the level of persecution. See Hoxha v. Ashcroft, 319 F.3d 1179, 1182 (9th Cir.2003) (harassment, threats, and one beating unconnected with any particular threat did not compel finding of past persecution); see also Singh v. INS, 134 F.3d 962, 969 (9th Cir.1998) (repeated vandalism of Indo-Fijian’s property not persecution). Substantial evidence also supports the BIA’s conclusion that even if Nababan is a member of a disfavored group, she failed to demonstrate sufficient individualized risk of persecution, and her general fear of harassment, discrimination, and sporadic violence is insufficient to render her eligible for asylum. See Lolong, 484 F.3d at 1181; cf. Sael v. Ashcroft, 386 F.3d 922, 927-29 (9th Cir.2004). Substantial evidence further supports the BIA’s well-founded fear finding because similarly-situated family members remain in Indonesia unharmed. See Aruta v. INS, 80 F.3d 1389, 1395 (9th Cir.1996). Thus, Nababan failed to establish eligibility for asylum.
Because Nababan failed to demonstrate eligibility for asylum, she necessarily failed to satisfy the more stringent standard for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir.2006).
*395 Substantial evidence supports the BIA’s denial of CAT relief because Nababan failed to show it is more likely than not that she would be tortured if she returns to Indonesia. See Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir.2006).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.